UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TODD M. SCHLEIGER,

      Plaintiff,

v.

GRATIOT COUNTY PROSECUTOR'S OFFICE,

      Defendant.

Case No. 4:11-cv-13380

Hon. Mark A. Goldsmith
Mag. Judge Laurie J. Michelson

_____/

### REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT

      This matter is before the Court on Todd M. Schleiger's *pro se* civil rights Complaint that

appears to be filed pursuant to 42 U.S.C. § 1983. (Dkt. 1.) The only named Defendant is the Gratiot

County Prosecutor's Office. Because this is not an entity that can be properly sued, this Court

**RECOMMENDS** that Plaintiff's Complaint be summarily **DISMISSED**.

### I.      BACKGROUND

      In the cover sheet attached to his complaint, Plaintiff indicates that he is suing the Gratiot

County Prosecutor's Officer for multiple civil rights violations and is seeking $50 million in

damages. (Dkt. 1, Compl.) Plaintiff alleges that, in violation of his Fifth Amendment rights,

Defendant denied him due process through prosecutorial misconduct that consisted of threatening

him into taking a plea bargain. (*Id.*) Plaintiff also alleges that Defendant violated the Eighth

Amendment by setting excessive bail. (*Id.*) Plaintiff is not incarcerated, however, but is subject to

a GPS tether. (*Id.*) Plaintiff alleges only the following specific facts in support of his claims:

> One such point I'd like to state is when a prosecutor comes to you
> and says you either take this plea or I'll make sure you're locked up
> in prison for the max. Then when I told her she can't do that, she flat

out said who do you think they are going to beleive [sic].

Another incident was being rearrested for suposedly [sic] placing a letter on my [ex's] door. My GPS showed I was 100 miles from her. Did not mater (sic). I was arrested. This is plain harassment on their part. Then to top it off they stick an excessive bail on me of $75,000 cash only.

\* \* \*

They forced me to move out of my home county. I've lived in Gratiot County for 17 years, not even allowed to see my doctors . . . . And they stole my liberties and forced me to move 105 miles away. Told me I had to move to a specified address even. Forcing my sister to take me in.

(*Id.*)

The Complaint, filed on August 3, 2011, does not identify any dates or specific individuals. Plaintiff was permitted to proceed *in forma pauperis* (Dkt. 3) and Defendant answered the complaint on October 17, 2011 (Dkt. 7). While Defendant did not file a motion to dismiss, it did assert numerous affirmative defenses – including failure to state a claim upon which relief can be granted, immunity, and that Defendant is not a legal entity with the capacity to sue or be sued. (Dkt.7, Answer at 4.)

## II.    ANALYSIS

### A.    Legal Standards

In *McGore v. Wrigglesworth*, the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) . . . Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual

2

has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997); *see also Moore v. Prevo*, 379 F. App'x 425, 426 (6th Cir. 2010) ("Under 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss sua sponte an in forma pauperis claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted."). Section 1915(e)(2) states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> * * *
>
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F. 3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). While a pro se litigant's complaint is held to a "less stringent standard" than those drafted by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), it must still plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Fed. R. Civ. P. 12(b); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). Sua sponte dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore*, 114 F. 3d at 612.

**B.     The Gratiot County Prosecutor's Office is Not an Entity Subject to Suit**

3

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (holding that, in order to state a claim, plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Here, the only named defendant in the complaint is the Gratiot County Prosecutor's Officer. In *Hughson v. County of Antrim*, 707 F. Supp. 304 (W.D. Mich. 1988), the defendants asserted that the county sheriff's department and the county prosecutor's office are not legal entities capable of being sued. The court agreed and explained that:

> Michigan is a jurisdiction in which the sheriff and prosecutor are constitutional officers, and there does not exist a sheriff's department or a prosecutor's office. Instead, the sheriff and the prosecutor are individuals, elected in accordance with constitutional mandates. Mich. Const. Art. 7, § 4. Since the sheriff's department and the prosecutor's office do not exist, they obviously cannot be sued.

*Id.* at 306.

As a result, the District Courts in Michigan have repeatedly dismissed §1983 claims against County Prosecutor Offices. *See Nouri v. TCF Bank*, No. 10-12436, 2011 U.S. Dist. LEXIS 23720, at **36-37 (E.D. Mich. Mar. 9, 2011) ("The Court agrees that a county prosecutor's office is not an entity subject to suit under § 1983 and the Court shall therefore dismiss the Oakland County Prosecutor's Office from this action." (citing *Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982) ("the court finds that the Washtenaw County Prosecutor's Office is not an entity and, therefore, not a person subject to suit under section 1981 or 1983."))); *Disney v. City of Dearborn*, 2006 U.S. Dist. LEXIS 53462, 2006 WL 2193029 (E.D. Mich. 2006) ("A county prosecutor's office is not an entity subject to suit under § 1983"); *Hughson v. County of Antrim,* 707 F. Supp. 304, 306 (W.D. Mich. 1988)); *see also Jones v. Bergman,* No. 08-599, 2009 U.S. Dist. Lexis 93988 (W.D. Mich. Oct. 8, 2009) (ruling that the Kalamazoo County

4

Prosecutor's Office is not a legal entity capable of being sued); *Bernard v. Brinkman,* No. 07-459, 2007 WL 2302354, at *3 (W.D. Mich. Aug. 8, 2007) (finding that Kent County Correctional Facility, Kent County Sheriff''s Department, and Kent County Prosecutor's Office are not legal entities capable of being sued).

### III.    CONCLUSION AND RECOMMENDATION

As the Gratiot County Prosecutor's Office is not an entity subject to suit, this Court **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2).

### IV.   FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an

objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be

filed within seven (7) days of service of the response.  E.D. Mich. LR 72.1(d)(3), (4).

/s Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES MAGISTRATE JUDGE

Dated: November 30, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys
and/or parties of record by electronic means or U.S. Mail on November 30, 2011.

s/Jane Johnson
Deputy Clerk